IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY LYNN HALL, SR. | § | |
|     TDCJ-CID #1275128 | § | |
| V. | § | C.A. NO. C-05-086 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

### OPINION AND ORDER TO DISMISS CERTAIN CLAIMS AND RETAIN CASE

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* (D.E. 8), though his action is subject to screening under 28 U.S.C. § 1915A regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims against defendants Sergeant John Doe, Correctional Officer John Doe, Unit Classification Committee John/Jane Doe(s) and Roving Officer John Doe are retained. Plaintiff's claims against Thomas Prasifka, the McConnell Unit Warden, and Doug Dretke, Executive Director of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"), are dismissed.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff has consented to the jurisdiction of a Magistrate Judge (D.E. 13). On March 3, 2005, this action was re-assigned by Order of Re-Assignment (D.E. 14).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at the C.T. Terrell Unit in Rosharon, Texas, though this action concerns events that occurred while plaintiff was incarcerated at the McConnell Unit in Beeville, Texas. In his *pro se* complaint (D.E. 1), plaintiff sues: Doug Dretke;[1] Thomas Prasifka; Sergeant John Doe; Correctional Officer John Doe; Unit Classification Committee John/Jane Doe(s); and Roving Officer John Doe.

A Spears[2] hearing was conducted on June 8, 2005. The following allegations were either made in plaintiff's original complaint or at the hearing.

On March 31, 2003, plaintiff was in medium custody and housed in 8 Building, K-pod, 3 cell. That evening, plaintiff complained to Sergeant John Doe that his cell-mate, a known member of a Mexican gang, was smoking marijuana and shooting dope in his cell. In fact, plaintiff's cell had already been searched once that day, but no drugs or drug paraphernalia were found. Following plaintiff's report, his cell was searched again that evening. Although plaintiff's cell-mate was being watched by officials because he had been caught earlier that day with cigarettes, plaintiff's cell-mate was suspicious that plaintiff had spoken to officers. After the second search, plaintiff became frightened and asked Correctional Officer John Doe to move him to another cell. Correctional Officer John Doe stated that only security could move plaintiff. Plaintiff also asked Sergeant John Doe to move him, but he said he was unable to do so.

---

[1] Plaintiff named the former TDCJ-CID director, Brad Livingston, in his complaint; the current director of the TDCJ-CID, and proper defendant, is Doug Dretke.

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

The following morning, plaintiff's cell-mate assaulted him using a piece of metal from a boot placed in a sock. Plaintiff alleges that the attack was partially possible because Roving Officer John Doe had left his post. Plaintiff sustained injuries requiring stitches and had to have his jaw wired shut. He spent a day in the Beeville Hospital, 4 days in John Sealy Hospital, and was then sent to the Stiles Medical unit for additional recovery. Plaintiff now has a steel metal plate in his jaw and must take Elavil for his anxiety.

Plaintiff alleges that Sergeant John Doe and Correctional Officer John Doe failed to protect him in deliberate indifference to his health and safety by failing to move him out of the cell despite his advising them of his fears. He claims that the Unit Classification Committee John/Jane Doe defendant(s) failed to protect him when they assigned his cell-mate, a known gang member who had previously been in close custody, to house with plaintiff. He claims that Roving Officer John Doe failed to protect him by leaving his assigned post. He claims that Doug Dretke and Warden Prasifka failed to supervise and/or train properly their employees, and that this oversight ultimately led to the attack by his cell-mate. Plaintiff seeks unspecified damages against defendants. He also seeks damages under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001 *et seq.* (Vernon 2005).

### III. DISCUSSION

**A.     Failure to Protect**

The deliberate indifference standard applies to cases involving protection from inmate violence. "Deliberate indifference describes a state of mind more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (construing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

"[P]rison officials have a duty to protect prisoners from violence at the hand of other prisoners." Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer, 511 U.S. at 833). A "prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Plaintiff alleges that his cell-mate was a known gang member, drug user, and violent inmate. Plaintiff also claims that he notified Sergeant John Doe and Correctional Officer John Doe that he was in fear of physical violence because his cell-mate suspected that he had reported his drug use to officials. These allegations are sufficient to state a failure to protect claim against Sergeant John Doe and Correctional Officer John Doe.

Plaintiff also claims that the Unit Classification committee itself or individual members failed to protect him when they housed him with a violent inmate. Plaintiff points out that his cell-mate had previously been in close custody. Plaintiff's allegations are sufficient to state a failure to protect claims against the classification employe(es) who were responsible for the housing assignment.

Plaintiff claims that Roving Officer John Doe abandoned his post on April 1, 2003, and that his absence contributed to the attack on plaintiff. At this stage of the case, plaintiff's allegation state a claim of failure to protect against the Roving Officer.

**B.     Supervisory liabilty.**

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting

Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S. Ct. 248 (1983) (citations omitted). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d at 304. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

Plaintiff names Warden Prasifka and Doug Dretke as defendants; however, plaintiff does not allege personal involvement on the part of either defendant. Although plaintiff argues that the McConnell Unit has a "history of inmate to inmate violence," this broad, conclusory allegation fails support a claim for supervisory liability. Accordingly, plaintiff's claims against Warden Prasifka and Doug Dretke are dismissed.

**C.     Texas Tort Claims Act.**

Plaintiff complains that defendants intentionally and negligently failed to follow TDCJ-CID rules and regulations that are in place for the safety of the inmates.

The Texas Tort Claims Act ("TTCA") waives sovereign immunity in certain limited circumstances and where the personal injury complained of is proximately caused by the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code § 101.021 (Vernon 2005). Plaintiff's negligence claims do not involve the operation or use of a motor vehicle

5

and as such, do not fall within the scope of the TTCA.  To the extent plaintiff argues that defendants actions were intentional, the TTCA does not waive immunity for intentional torts.  See  Taylor v. Gregg, 36 F.3d 453, 457 (5th Cir. 1994).  Thus, the Eleventh Amendment bars plaintiff's intentional tort claims against defendants.  Accordingly, to the extent plaintiff is asserting TTCA claims, they are dismissed.

### IV. **CONCLUSION**

For the foregoing reasons, plaintiff's claims against defendants Sergeant John Doe, Correctional Officer John Doe, Unit Classification Committee John/Jane Doe(s), and Roving Officer John Doe are retained.  Plaintiff's claims against Thomas Prasifka and Doug Dretke are dismissed with prejudice pursuant to 42 U.S.C. § 1997e(c), 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.  Plaintiff's claims under the Texas Tort Claims Act are barred by the Eleventh Amendment and are dismissed.

ORDERED this 1st day of July, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE