IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY LYNN HALL, SR.<br>TDCJ-CID #1275128 | §<br>§ | |
| V. | § | C.A. NO. C-05-086 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**ORDER FOR SERVICE OF PROCESS**

1. The Clerk of the Court shall issue summons and the U.S. Marshal shall serve copies of the complaint (D.E. 1), the Memorandum and Recommendation to Dismiss Certain Claims and Retain Case and this Order to **Barry McBee, First Assistant Attorney General.** It is further ordered that the Office of the Attorney General of the State of Texas, pursuant to its policy, will either obtain authority to represent the following defendants within thirty (30) days after receipt of this Order or file within the same time period with this Court a statement of the address of the defendants executed by an authorized agent of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"): **Sergeant John Doe (Hispanic); Correctional Officer John Doe (Anglo); Roving Officer; and Unit Classification Committee John/Jane Doe (s), as described in plaintiff's complaint and the Order dismissing and retaining certain claims. Defendants are alleged to be employees of the TDCJ-CID and to have been working at the McConnell Unit in March-April 2003.** The affidavit may be filed ex parte and sealed subject to a motion to unseal for good cause by plaintiff.

2. Defendants shall file an answer within forty-five (45) days of receipt of the complaint. In the answer, defendants shall respond separately to each and every factual and legal allegation in plaintiff's complaint. The parties shall file dispositive motions, including motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within one hundred twenty (120)

days after the date that defendants' answer is due. Defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendants' defenses, including copies of any written Texas Department of Criminal Justice–Correctional Institutions Division rules or written unit rules relevant to the alleged events forming the basis of this lawsuit.

3. The responsive party shall respond to dispositive motions within thirty (30) days of the date shown on the certificate of service of the dispositive motion. Failure to timely respond to dispositive motions will, if appropriate, result in granting of judgment in favor of the moving party.

4. It is further ordered that each party shall serve the other party or counsel for the other party with a copy of every pleading, motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated. In the case of the *pro se* party, only signature by the *pro se* party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the *pro se* party, it will not be considered by the Court.

5. Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, monetary sanctions, striking of affirmative defenses, or dismissal for want of prosecution.

6. There will be no direct communication with the United States District Judge or Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See FED. R. CIV. P. 5(a) and 11.

ORDERED this 1st day of July, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE