IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY LYNN HALL, SR. | § | |
| TDCJ-CID #1275128 | § | |
| V. | § | C.A. NO. C-05-086 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

## OPINION AND ORDER OF DISMISSAL

In this civil rights action, plaintiff complains that defendants failed to protect him from an inmate assault in deliberate indifference to his health and safety.  For the reasons stated herein, plaintiff's action is dismissed as barred by limitations.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Plaintiff consented to the jurisdiction of a Magistrate Judge (D.E. 13).  On March 3, 2005, this action was re-assigned by Order of Re-Assignment (D.E. 14).

## II.  PROCEDURAL AND FACTUAL BACKGROUND

**A.     Procedural background.**

Plaintiff filed suit on February 14, 2005, complaining about an inmate assault alleged to have occurred on April 1, 2003, at the McConnell Unit in Beeville, Texas.  See D.E. 1.  In his original complaint, plaintiff named the following individuals as defendants: Brad Livingston, executive director of the Texas Department of Criminal Justice (TDCJ); Thomas Prasifka, a McConnell Unit warden; Sergeant John Doe; Correctional Officer John Doe; Unit Classification Committee John/Jane Doe(s); and Roving Officer John Doe.  Following a June 8, 2005 Spears[1] hearing, plaintiff's claims

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

against Thomas Prasifka and Brad Livingston were dismissed.  In addition, plaintiff's claims alleging violations of the Texas Tort Claims Act were dismissed.  See D.E. 20. Plaintiff's failure to protect claim against the John and Jane Doe defendants were retained and service ordered.  (D.E. 21.)  On August 25, 2005, the Court instructed plaintiff to assist defendants' counsel in identifying the John and Jane Doe defendants.  (D.E. 25).  A second evidentiary hearing was held on November 18, 2005, at which time it was clarified that the assault at issue occurred on April 1, **2002**, not  2003.  On November 25, 2005, plaintiff submitted a revised statement of facts with the corrected dates.  See D.E. 36.  In addition, plaintiff sets forth his arguments in support of tolling limitations.  (D.E. 36).

**B.    Factual allegations.**

The following allegations were made in plaintiff's original complaint (D.E. 1), his August 25, 2005 notice to the court (D.E. 36), and/or at the June 8, or November 18, 2005, evidentiary hearing.

On May 31, 2002,  plaintiff was in medium custody and housed in 8 Building, K-pod, 3 cell. That evening, plaintiff complained to Sergeant John Doe that his cell-mate, a known member of a Mexican gang, was smoking marijuana and shooting dope in his cell.  In fact, plaintiff's cell had already been searched once that day, but no drugs or drug paraphernalia were found.   Following plaintiff's report, his cell was searched again that evening.  Although plaintiff's cell-mate was being watched by officials because he had been caught earlier that day with cigarettes, plaintiff's cell-mate was suspicious that plaintiff had spoken to officers.   After the second search, plaintiff became frightened and asked Correctional Officer John Doe to move him to another cell. Correctional Officer John Doe stated that only security could move plaintiff.  Plaintiff also asked Sergeant John Doe to move him, but he said he was unable to do so.

The following morning, on April 1, 2002 at approximately 10 a.m., plaintiff's cell-mate assaulted him using a piece of metal from a boot placed in a sock.   Plaintiff was badly beaten and had to be transported by ambulance to a hospital in Beeville where he remained for one day.  He was then taken to John Sealy Hospital and admitted for four days where his jaw was wired shut.  He was then sent to the Stiles Unit for bed rest and additional recovery.

While at the Stiles Unit, plaintiff was interviewed by Internal Affairs (IA) and he gave a statement of the assault. Plaintiff was then transferred to the Ellis Unit. After approximately one month at the Ellis Unit, plaintiff was again interviewed by IA and asked to give another statement regarding the assault.  The IA investigator told plaintiff that she would contact him again within two weeks, but he did not hear from her again.  Plaintiff wrote to the Stiles Unit and requested a copy of his paper work concerning the assault, but he received no answer.  Plaintiff wrote letters to the McConnell Unit warden, classification committee, and grievance department, and to the Huntsville IA, but he did not receive a response.[2]  He wrote to Pamela Williams of classification and she was the only individual to write plaintiff back.

Plaintiff claims that "the administration" advised him he could not file a claim because he had fought back during the assault.  He claims that, during his classification hearing at the Ellis Unit,  a member of the Unit Classification Committee (UCC) told him that he could not "beat the system" and that prison officials would "cover up and watch each others' backs...." D.E. 36 at 6. Plaintiff claims that the UCC officer told him to  "just have to accept what happened" to him.  Id. at 7.  He claims that he did not know that he could file a lawsuit unit "recently."  Id.

---

[2]Plaintiff does not specify what information he was seeking in this correspondence nor the dates he wrote the letters.

Plaintiff claims that Sergeant John Doe and Correctional Officer John Doe failed to protect him in deliberate indifference to his health and safety by failing to move him out of the cell despite his advising them of his fears.   He claims that the Unit Classification Committee John/Jane Doe defendant(s) failed to protect him when they assigned his cell-mate, a known gang member who had previously been in close custody, to house with plaintiff.  He claims that Roving Officer John Doe failed to protect him by leaving his assigned post on the morning of the assault.

Plaintiff now has a steel metal plate in his jaw, and he continues to experience pain in his mouth and jaw.  He sees a  psychiatrist for his mental anguish and must take Elavil for his anxiety. He claims that he did not know that he could file a lawsuit unit "recently."  Id.

## III. DISCUSSION

### A.    Limitations.

There is no federal statute of limitations for section 1983; instead, the federal courts borrow the forum state's general or residual personal injury limitations period.  Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992) (citing Owens v. Okure, 488 U.S. 235 (1989)).  In Texas, the applicable limitations period is two years.  TEX. CIV. PRAC. & REM. CODE § 16.003(a)[3]; see also Rodriguez, 963 F.2d at 803.

The forum state's tolling provisions are applied unless they are inconsistent with federal law. Slack v. Carpenter, 7 F.3d 418, 420 (5th Cir. 1993).  Time during which administrative remedies are pursued tolls the limitation period.  Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999); Gartrell v. Gaylor, 981 F.2d 254 (5th Cir. 1993).

---

[3] "[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."  TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Accrual of a § 1983 claim is governed by federal law.  Rodriguez, 963 F.2d at 803.  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.1998).

In this case, plaintiff executed his complaint on February 10, 2005, see D.E. 1 at 10, and that is the earliest possible date his complaint could have been deposited into the prison mail system.  Therefore, his complaint is deemed filed on that date.  Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) (relying on Houston v. Lack, 487 U.S. 266 (1988)).  As such, any claims that accrued prior to February 10, 2003, are barred by the two-year statute or limitations, unless plaintiff is entitled to tolling.  Plaintiff complains of events that occurred on April 1, 2002.  Thus, on the face of his pleadings and his sworn testimony at the evidentiary hearings, his claims are time barred.

In his August 2005 notice to the Court (D.E. 36), plaintiff claims that, shortly after the assault, he was interviewed by IA; however nothing came of that investigation.  He claims that while he was at the Ellis Unit, he wrote to officials at the Stiles and McConnell Units, but, save except Pamela Williams, no one responded to his inquires.  He argues that he was mislead into believing  that he could not file a lawsuit and did not realize that he could in fact do so until "recently." Referencing, inter alia,  American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) and McCormick v. United States, 680 F.2d 345 (5th Cir. 1982), plaintiff argues that limitations should be tolled because he refrained from filing suit based on the fraudulent misrepresentations or inducements of prison officials.   However, the issue in American Pipe and McCormick was not  the grounds for justifying tolling, but whether the two-year statute of limitations for cases brought pursuant to the Suits in Admiralty Act was jurisdictional or could in fact be tolled.  Here, there is no dispute that Texas'

2-year limitations for personal injury torts can be tolled.   What plaintiff must establish is whether he is entitled to tolling, and this he fails to do.

Prior to September 1985, Texas law provided that limitations for certain actions was tolled by incarceration.   See Tex. Rev. Civ. Stat. Ann. art. 5535.   However, that law was repealed in September 1985, and imprisonment is no longer  a disability that tolls statutes of limitation.[4]   White v. Cole, 880 S.W.2d 292, 295 (Tex. App.– – Beaumont 1994) (writ denied) (inmate not entitled to tolling of limitations in suit against sheriff and jailer based on imprisonment).    Plaintiff's incarceration does not toll limitations.

In situations where a case is filed prior to exhaustion of administrative remedies, limitations can be tolled while the inmate pursues exhaustion.   Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).   However, if the plaintiff files his original complaint after the statute of limitations has run, there is no basis for tolling under Texas or federal law.   Id.   Here, plaintiff's case was filed after limitations had run, and the issue of exhaustion need not be addressed.

Texas courts have found that fraudulent concealment tolls limitations "until the fraud is discovered or could have been discovered with reasonable diligence.'   Velsicol Chem. Corp. v. Winograd, 956 s.W.2d 529, 531 (Tex. 1997) (per curiam).    Here, plaintiff complains that he did not know he could file suit, but simultaneously complains that, shortly after the assault, he began writing to officials to get copies and information, but that defendants failed to respond to his inquiries. Plaintiff fails to explain for what purpose he was writing to these officials if not to file suit. Moreover, he admits that at least one official did respond to his inquiries.  Further, the fact that a

---

[4] Plaintiff did not argue that his incarceration tolled limitations.

6

prison official might have told plaintiff he had no claim certainly did not prevent plaintiff from researching the issue himself at the law library or talking to other inmates with litigation experience. Failure to protect claims are not so unusual or rare that plaintiff, as an inmate in the TDCJ system, would not have heard of such an action.  The facts of the case belie plaintiff's assertion that he was "induced" to not file suit by defendants, or that he did not know he could file suit until "recently," and there is no basis for equitable tolling.

Finally, ignorance of the law does not toll limitations.  Seibert v. GMC, 853 S.W.2d 773, 776-77 (Tex. App.– – Hous. [14th Dist.] 1993) (no writ).   Plaintiff is not entitled to tolling of limitations.

## IV.  CONCLUSION

Plaintiff's claims against the John and Jane Doe defendants are barred by limitations and plaintiff is not entitled to tolling.   Accordingly, plaintiff's claims are dismissed with prejudice.

ORDERED this 27th day of December, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE